Edward S. Conway, J.
This is a motion brought on by order to show cause for an order declaring insufficient, defective, invalid and null and void the certificate of nomination filed by and on behalf of the respondents with the Rensselaer County Board of Elections purporting to nominate the respondent candidates for town offices in the Town of East Green-bush, and enjoining, restraining and prohibiting the Board of Elections of the County of Rensselaer from printing and placing the names of the said respondent candidates for election to town offices in the Town of East Greenbush on the general election ballot on November 8, 1977 as candidates of the Conservative Party.
Petitioners, as duly qualified voters in the Town of East Greenbush and as enrolled Conservative Party members and objectors pursuant to section 145 of the Election Law, contend that the certificate of nomination filed on behalf of the respondent candidates is insufficient, ineffective, false, fraudulent, invalid and null and void by reason of the facts and allega *500 tions set forth in the specifications of objections duly filed pursuant to section 145 of the Election Law.
The objections contain, among other objections, an allegation that in the casting of ballots to select the officers of the caucus and in the nomination of the respondent candidates, proxy ballots were used and counted as valid votes. That without the use of said proxy votes, the respondent candidates would not have had a majority vote of those enrolled members of the Conservative Party present and voting, and that the respondent candidates were nominated only by the improper and illegal use of the proxy votes.
The chairman of the Conservative Party of the Town of East Greenbush testified that on August 16, 1977 the Conservative Party of East Greenbush held a party caucus and nominated candidates for Town of East Greenbush town office and duly filed a certificate of nomination in the Rensselaer County Board of Elections on August 26, 1977. She further testified that she was duly elected chairman of the meeting. She further testified that under the rules and regulations of the Rensselaer County Conservative Party, proxies can be used in town caucuses under section 5 of article 4. She testified that on one prior occasion proxies were used in an East Greenbush town caucus.
It is the opinion of this court that the Rensselaer County Conservative Party rules neither prohibit nor authorize the use of proxies at town caucuses.
The testimony of all the witnesses established that there were nine enrolled members of the Conservative Party of the Town of East Greenbush personally present and voting at the caucus on August 16, 1977 and that the chairman voted 17 proxies of enrolled members of the party who were eligible to vote in said caucus. The chairman testified that for each town office she cast 17 proxy votes except for one proxy which she was instructed not to vote for the office of Town Supervisor. She further testified that she was given expressed authority to vote the proxies as she saw fit and for the candidates of her own personal choice except for two or three persons who directed the chairman to cast their proxies for certain candidates for certain town offices, and as to the rest of the slate to cast their proxies as she saw fit for candidates of her own personal choice.
It is the opinion of this court that the use of proxies in a town caucus for the nomination of candidates for town office *501 violates the constitutional concept of "one man, one vote”. Such a practice dilutes the vote of the qualified voters who attend the caucus in person (Baker v Carr, 369 US 186).
This court does not pass on the possibility that the county committee rules of a political party might provide for a valid system of absentee voting for the nominations of candidates for town office at a town caucus whereby the absentee voter casts his or her own vote for candidates of his or her own choice. Such a system has not been set up by the present rules of the Rensselaer County Committee of the Conservative Party.
Petitioners’ motion is therefore granted.